**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| TIMOTHY MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| COMPATTIA ROCCIA MANAGEMENT ) | |
| GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TIMOTHY MULLINS ("Plaintiff"), by and through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 because the state claim is so related to the claim with original jurisdiction that it forms "part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Blossom, Lamar County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Getzville, Erie County, State of New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant attempted to collect a debt within the State of Texas.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. Within the past year of Plaintiff filing this Complaint, Defendant placed calls to Plaintiff on Plaintiff's telephone number at 903-703-xxxx, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 409-215-1092, which is one of Defendant's telephone numbers.

24. Defendant additionally placed calls to Plaintiff's grandmother Jane Mullins at 903-495-xxxx after they had already made contact with Plaintiff.

25. On or around October 04, 2022, Defendant called Plaintiff in excess of nine times.

26. On or about October 21, 2022, Plaintiff answered Defendant's call and spoke with one of Defendant's male collectors.

27. During the above-mentioned conversation:

    a. Plaintiff requested for Defendant to send a letter validating the debt.

3

    b. Defendant's male collector refused to send Plaintiff validation of the alleged debt;

    c. Defendant's male collector threatened Plaintiff with legal action; and

    d. Plaintiff asked Defendant's male collector to call him back on Friday so she could make the payment.

28. To date, Defendant has not taken legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(b) by placing calls to Plaintiff's grandmother regarding the alleged debt without Plaintiff's prior consent after it had already located Plaintiff with none of the FDCPA's exceptions being applicable;

    b. Defendant violated § 1692d of the FDCPA as interpreted in 12 CFR 1006.14(2)(A) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant called Plaintiff more than nine times on October 4, 2022;

    c. Defendant violated § 1692e of the FDCPA when Defendant engaged in, at least, the following discrete violations of § 1692e;

    d. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant falsely represented a lawsuit would be filed against Plaintiff;

    e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

    f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant used the empty threat of a lawsuit to coerce Plaintiff into paying the alleged debt without providing any information about its origin; and

    g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, TIMOTHY MULLINS, respectfully requests judgment be entered against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

33. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

34. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

35. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.304(19) by using any false

representation or deceptive means to collect a debt or information concerning a consumer when it used the empty threat of lawsuit in an attempt to coerce Plaintiff into paying the debt while refusing to provide any validation or information regarding the debt.

WHEREFORE, Plaintiff, TIMOTHY MULLINS, respectfully requests judgment be entered against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC, for the following:

36. For actual damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

37. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

38. For attorneys' fees, costs and disbursements;

39. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

40. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully submitted,

May 17, 2023                By: /s/ Michael S. Agruss
                            Michael S. Agruss
                            Agruss Law Firm, LLC
                            4809 N. Ravenswood Ave., Suite 419
                            Chicago, IL 60640
                            Tel: 312-224-4695
                            Fax: 312-253-4451
                            michael@agrusslawfirm.com
                            Attorney for Plaintiff